IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JACQUES PAUL VILLAFANA,

    Plaintiff,

v.                                          Civil Action No. 3:20CV28

H. THOMAS PADRICK, JR.,

    Defendant.

**MEMORANDUM OPINION**

Jacques Paul Villafana, a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action challenging the state circuit court's denial of his application for relief under Virginia code section 19.2-327.1. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the Court will dismiss the action for failure to state a claim for relief and as legally frivolous.

**I.   STANDARD OF REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the

"factual contentions are clearly baseless." Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second

alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d

241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. FACTUAL BASIS AND SUMMARY OF ALLEGATIONS

### A. Factual Basis For Claim

On September 15, 2015, the Circuit Court for the City of Virginia Beach ("Circuit Court") convicted Villafana of armed burglary, malicious wounding, and two counts of use of a firearm in the commission of a felony. (See ECF No. 1, at 5.) After unsuccessful appeals (see id. at 1-2), Villafana filed a post-conviction motion for scientific evidence under Virginia Code section 19.2-327.1. (See id. at 7.) The Commonwealth responded and opposed the motion. (Id. at 4-6.) The evidence against Villafana was summarized by the Commonwealth as follows:

> Villafana, his friend Mike Hough, his brother Marc Villafana, and Marc's girlfriend Mya visited the home of victim Shawn Rentsch. Only Marc and Mya were invited by Rentsch's live-in girlfriend Breanne White.
> Some minutes after the four visitors were asked to leave, the three males re-entered the house without permission, pushing open the partially open door and pushing Breanne to the side.
> After an altercation during which Rentsch was badly beaten with guns and a "Mexican standoff" occurred, Rentsch followed the recently departed males to try to get a license plate number as they fled (not knowing they had parked on nearby street). Rentsch was shot in the side of his stomach while standing on his porch. He returned fire, killing the defendant's brother, Marc Villafana and Mike Hough. Rentsch was not charged with any crime.
> At trial, Rentsch, the victim, testified that Villafana and Mike Hough reentered the house and that the two beat him on the face and head with guns.

4

>Detective Douglas Zebley, testified that Villafana admitted reentering the house with a gun and pointing it at Rentsch (Defendant at trial said he was unarmed and didn't cross the threshold). Daniel Greer, Rentsch's neighbor, saw Villafana running away from the house in the direction of the car, holding what appeared to be a gun. He then saw Villafana later reappear at the scene holding his brother. Breanne White identified Villafana as participating in a "Mexican standoff" after Rentsch was beaten, with Villafana and Mike Hough both drawing guns.

(Id. at 4-5.) By Order entered on August 10, 2018, the Circuit Court denied the motion "[b]ased on a review of the pleadings," because:

>The motion fails to comply with the requirements of § 19.2-327.1.
>
>On September 27, 2016, a previous motion for scientific testing of the handgun was withdrawn since it was moot because the handgun to be tested has been destroyed.
>
>The request for a scientific analysis by a forensic psychologist is not a claim upon which relief can be granted under § 19.2-327.1.
>
>The request for appointment of counsel is denied since the motion fails to meet the threshold requirements of § 19.2-327.1 and therefore is not deemed filed pursuant to section § 19.2-327.1.

(ECF No. 1, at 7.) Thereafter, Villafana filed the instant Complaint.

### B.   Allegations

In his Complaint, Villafana alleges the following:[1]

>5. After exhausting his state appeals and his habeas corpus remedies, Villafana filed a motion for a scientific analysis of previously untested human

---

[1] The Court corrects the spacing, spelling, and punctuation in quotations from Villafana's Complaint.

5

> biological evidence, under VA Code § 19.2-327.1. Villafana requested that the following be submitted for an analysis: (1) Bloodstain/blood-splatter analysis; 2) Tool-mark analysis; and 3) for Forensic psychologist to opine whether Villafana gave a false confession.
>     6.   In response to Villafana's motion, the Commonwealth's Attorney for the City of Virginia Beach conceded, in part, to Villafana's request.  The Commonwealth said: Except for bloodstains, the items to be tested do not involve human biological evidence. (See Appendix A, pg. 2.)  Judge Padrick, however, denied Villfana's motion stating that the motion failed to meet the threshold requirement, under §19.2-327.1.  (See Appendix B).
>     7.   Judge Padrick, acting under the color of state law, violated Villafana's Fourteenth Amendment - Due Process - right.  Villafana's liberty interest violation occurred when Judge Padrick denied Villafana a hearing on his motion.  The bloodstain/blood-splatter analysis that Villafana motioned for was human biological evidence.  Therefore, Villafana should have been granted a hearing according to § 19.2-327.1(A).
>     8.   Judge Padrick's ruling caused Villafana to suffer irreparable harm.  The ruling not only barred Villafana from raising the bloodstain/blood-splatter issue in a subsequent motion, but also prevented Villafana from utilizing state procedures to obtain a reversal of his conviction, such as, a writ of actual innocence based on biological evidence.
>     9.   Finally, Judge Padrick has legal liability because Judicial immunity does not bar injunctive relief. See Pulliam v. Allen, 466 U.S. 522, 104 S. Ct. 1970 (U.S.Va. 1984) (held that judicial immunity is not a bar to prospective injunctive relief against judicial officer in her judicial capacity).
>     WHEREFORE, Villafana respectively pray[s] that this Court enter judgment granting the following:
>     10.  A permanent injunction ordering Judge H. Thomas Padrick, Jr., to grant a hearing to Jacques Paul Villafana for a scientific analysis for the bloodstain/blood-splatter analysis.

(Id. at 1-3.)

## III. ANALYSIS

Virginia Code section 19.2-327.1 authorizes a convicted Virginia inmate to file a motion for "new scientific investigation of any human biological evidence related" to his criminal case if certain conditions are met. Va. Code Ann. § 19.2-327.1(A). An inmate must satisfy a five-part test set forth in the statute:

> (i) the evidence was not known or available at the time the conviction . . . became final in the circuit court or the evidence was not previously subjected to testing because the testing procedure was not available at the Department of Forensic Science at the time the conviction . . . became final in the circuit court;
>
> (ii) the evidence is subject to a chain of custody sufficient to establish that the evidence has not been altered, tampered with, or substituted in any way;
>
> (iii) the testing is materially relevant, noncumulative, and necessary and may prove the actual innocence of the convicted person . . . ;
>
> (iv) the testing requested involves a scientific method employed by the Department of Forensic Science; and
>
> (v) the person convicted . . . has not unreasonably delayed the filing of the petition after the evidence or the test for the evidence became available at the Department of Forensic Science.

Id. § 19.2-327(A)(i)-(v). The convicted inmate must also "assert categorically and with specificity, under oath, the facts to support" each of the statutory requirements, as well as "the reason or reasons the evidence was not known or tested by the time the conviction . . . became final in the circuit court" and "the reason or reasons that the newly discovered or untested evidence may prove the actual innocence of the person convicted . . . ." Id. § 19.2-

7

327.1(B)(i)-(iii). A proceeding under the DNA statute is not authorized to "form the basis for relief in any habeas corpus proceeding or any other appeal." Id. § 19.2-327(G). Here, Villafana argues that Judge Padrick deprived him, without due process, of a federally protected liberty interest to prove his innocence, when he denied his motion for scientific evidence without holding a hearing.

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. See Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569-70 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected liberty or property interest. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997) (citations omitted). As a preliminary matter, "there is no substantive due process right to the postconviction preservation and testing of DNA evidence." Casey v. Hurley, 671 F. App'x 137, 137-38 (4th Cir. 2016) (citing Dist. Att'y's Office for the Third Judicial Dist. v. Osborne, 557 U.S. 52, 72 (2009); Skinner v. Switzer, 562 U.S. 521, 525 (2011). However, an inmate may have a protected "liberty interest in demonstrating his innocence with new evidence under state law." Osborne, 557 U.S. at 68.

"The Rooker-Feldman doctrine bars the lower federal courts, 'with the exception of habeas corpus actions,' from sit[ting] in

8

direct review of state court decisions." LaMar v. Ebert, 681 F. App'x 279, 286 (4th Cir. 2017) (citing Jordahl v. Democratic Party of Va., 122 F.3d 192, 199 (4th Cir. 1997)). Thus, "a state-court decision [on a motion for forensic testing] is not reviewable by lower federal courts." Skinner, 562 U.S. at 532 (citing District of Columbia Ct. of App. v. Feldman, 460 U.S. 462, 487 (1983); Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 286 (2005)). However, the constitutionality of a "statute or rule governing the decision may be challenged in a federal action." Skinner, 562 U.S. at 532 (citation omitted). "The 'controlling question' under the Rooker-Feldman doctrine is 'whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision.'" LaMar, 681 F. App'x at 287 (citing Jordahl, 122 F.3d at 199.)

Villafana argues that Judge Padrick erred by denying his motion without holding a hearing.[2] Here, Villafana directs his attack at the state court decision that denied him a hearing, and

---

[2] Villafana argues that Judge Padrick violated his procedural due process rights when he did not order a hearing prior to denying his motion. The plain text of the Virginia statute authorizing motions for scientific review provides, that the "court shall, after a hearing on the motion, set forth its findings specifically." Va. Code Ann. § 19.2-327.1(D). Thus, Villafana apparently believes that the statute requires a hearing. However, from the Circuit Court's opinion, it is quite evident that Villafana failed to meet the threshold requirements for even filing a motion under Va. Code. Ann. § 19.2-327.1(D), and accordingly, the motion was summarily dismissed and was not deemed filed pursuant to § 19.2-327.

thus, denied him access to DNA testing at that time, and he does not challenge the constitutionality or validity of Va. Code Ann. § 19.2-327. See LaMar, 681 F. App'x at 287; Casey, 671 F. App'x at 138 (finding claim barred by Rooker-Feldman when inmate did not claim "that § 19.2-327.1 itself is invalid or that the state court construed the statute in such a way as to deny him procedural due process"). Villafana clearly asks this Court to review Judge Padrick's determination that Villafana's motion failed to meet the threshold requirements to file a motion under Va. Code Ann. § 19.2-327. This Court cannot conduct such a review. See Skinner, 562 U.S. at 532; see Muhammad v. Green, 633 F. App'x 122, 123 (4th Cir. 2016) (finding "lower federal courts lack jurisdiction over [the] claim" that "state circuit court erroneously applied the statute in deciding his case"); accord LaMar, 681 F. App'x at 287; Casey, 671 F. App'x at 138. Accordingly, the Court lacks jurisdiction to review the Circuit Court's decision.³ Accordingly, Villafana's claim is both frivolous and fails to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, Villafana fails to state a claim for relief against Judge Padrick and his claim is frivolous.

---

³ The Court fails to discern why Villafana could not bring a new motion for scientific evidence in the Circuit Court that complies with the threshold requirements to file a petition.

10

Accordingly, Villafana's claims and the action will be dismissed. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of the Memorandum Opinion to Villafana.

It is so ORDERED.

                                                       /s/
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 29, 2020